HOLTSINGER, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holtsinger, Inc. v. Commissioner
Docket No. 23278-84.
United States Tax Court
T.C. Memo 1986-282; 1986 Tax Ct. Memo LEXIS 331; 51 T.C.M. (CCH) 1397; T.C.M. (RIA) 86282; July 7, 1986. *331 Held: Respondent may use the deficiency procedures to recover an erroneous refund and is not limited to a suit under section 7405. Held further, failure of respondent to deliver to petitioner a copy of executed Form 872 does not affect validity of waiver. George W. Ericksen, for the petitioner. James W. Clark, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on cross motions for summary judgment pursuant to Rule 121. [1] Respondent by statutory notice dated May 17, 1984, determined a deficiency against petitioner in the amount of $38,122.56. The deficiency is in the amount of the personal holding company tax under section 541 based on respondent's determination that petitioner was for its fiscal year ended May 31, 1980 a personal holding company within the meaning of section 542(a). The facts material to the disposition of each of the motions for summary judgment are the undisputed facts set out in the petition, the answer, the reply, and the cross motions together with affidavits attached to each of the cross motions and the exhibits attached to each affidavit. There *333 is no dispute as to any material fact. Briefly summarized the facts are the following. Petitioner is a Florida corporation with its office address in Tampa, Florida, at the time its fiscal 1980 tax return was filed and on the date of filing of the petition in this case. Petitioner's 1980 fiscal year tax return recognizes that it was a personal holding company. Petitioner attached to the return Schedule PH showing the computation of personal holding company tax in the amount of $38,122.56. This tax is also shown on Schedule J, and was paid with the return. The return was timely filed on August 15, 1980. On April 9, 1981, petitioner filed an amended return on Form 1120X claiming a refund of the personal holding company tax which had been paid. On September 7, 1981, respondent refunded the personal holding company tax with interest from the due date of the original return. On July 5, 1983, petitioner signed a Form 872 extending the period for assessment of any deficiency for its 1980 fiscal year to June 30, 1984. The Form 872 was signed by respondent's agent on July 8, 1983. The statutory notice was issued to petitioner on March 17, 1984, which date was prior to the expiration *334 of the statute of limitations as extended by the Form 872. Petitioner's position is that when respondent refunded to petitioner the personal holding company tax paid with petitioner's return, there was no deficiency in petitioner's income tax to which the Form 872 could have pertained or with respect to which a statutory notice of deficiency could be issued. Petitioner contends that respondent's sole remedy was a suit for recovery of an erroneous refund under the provisions of section 7405. Petitioner further contends that the statute of limitations on a suit for an erroneous refund has expired. Section 6532(b). Respondent argues that respondent is not limited to a suit under section 7405, that the deficiency procedures are applicable and respondent's statutory notice was timely issued. At the trial, petitioner raised a further raised issue which is that the Form 872 is invalid because respondent has not shown that a copy of the Form was transmitted by respondent to peititioner after its execution by respondent. By agreement of the parties, this issue is also before the Court. Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, *335 depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . Since no genuine issue as to a material fact has been raised by either party, the matter may be determined in this summary fashion. Petitioner seeks a determination that petitioner owes no tax recoverable through the issuance of a statutory notice whereas respondent asks that we sustain his determination that there is a deficiency in income tax due from petitioner for its 1980 fiscal year in the amount of $38,122.56. For the reasons indicated herein, we agree with respondent. Petitioner's principal authority is , as interpreted in later cases including *336 and . We have carefully examined these and other cases cited by petitioner. We do not agree that these cases cast doubt on the recent decisions of this Court which hold that the remedy under section 7405 is not exclusive. See, affg. a Memorandum Opinion of this Court; ; . We hold for respondent on this issue. With respect to petitioner's second argument that the Form 872 is not effective in this case because there is no evidence that a copy of the Form after approval and signature on behalf of the Commissioner was sent to petitioner, we also hold for respondent. There is no requirement that a copy of the Form be served on petitioner after its execution on behalf of respondent. , affd. and revd. on other issues . By reason of the above, petitioner's motion for summary judgment is *337 due to be denied and respondent's motion for summary judgment is due to be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩